UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN BALLOUT,

      Plaintiff,

v.

RADIO FREE EUROPE
CORPORATION,
TODD PRINCE, and
UNITED STATES AGENCY FOR
GLOBAL MEDIA,

      Defendants.
_____/

Case No. 4:25-cv-12433

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S AUGUST 26, 2025 MOTION (ECF No. 12) TO AMEND HIS AUGUST 6, 2026 ORIGINAL COMPLAINT (ECF No. 1)

**A.    Background**

On August 6, 2025, Benjamin Ballout initiated this lawsuit against: (1) RadioFreeEurope RadioLiberty (RFERL), which has a corporate office in Washington, D.C. (*see* https://www.rferl.org/) (*see also* ECF No. 9); (2) Todd Prince, who is described as a journalist; and, (3) the U.S. Agency for Global Media (USAGM), seemingly located in Washington, D.C. (*see* https://www.usagm.gov/). Plaintiff's "statement of claim" takes issue with articles published in 2021 by RFERL, which Plaintiff contends "intentionally mischaracterized Plaintiff's business activities, particular[l]y in Ukraine, USA, & falsely associated him with

1

alleged securities fraud, despite no convict[i]on, indictment, or final finding by any court or administrative body." (*Id*., PageID.5.)[1]

In his pleading, Plaintiff appears to allege jurisdiction based on both federal question (28 U.S.C. § 1331) and diversity of citizenship (28 U.S.C. § 1332). (ECF No. 1, PageID.3-5.) However, if he intended the former, he does not specify a federal statute, treaty and/or provision of the U.S. Constitution that are at issue in his case. (*Id*., PageID.4.) If he intended the latter, his claims seem limited to state or common law tort claims (e.g., defamation),[2] and it appears Plaintiff seeks both monetary and injunctive relief, although his assertion of $50,000,000 in compensatory damages as the "amount in controversy" is not repeated within his prayer for "relief." (*See id*., PageID.5, 6.) Without such clarity in his allegations, the Court is not yet convinced that it has subject matter jurisdiction.

**B.     Status of service**

Plaintiff paid the filing fee and is proceeding on his own behalf. The Clerk of the Court issued five summonses on August 6, 2025 – one for each of the three Defendants, one for the U.S. Attorney General (USAGO), and one for the U.S.

---

[1] The complaint's 174 pages of attachments (ECF Nos. 1-1, 1-2) include an RFERL article dated June 24, 2021 (ECF No. 1-1, PageID.11-12) and another dated October 11, 2024 (*id*., PageID.14-16).

[2] Indeed, Plaintiff has filed an affidavit that refers to a "matter pending before the 35th District Court involving the publication of false and defamatory articles by [RFERL]." (ECF No. 11, PageID.202 ¶ 2.)

2

Attorney's Office (USAO) in Detroit, Michigan.  (ECF No. 3.)  *See* Fed. R. Civ. P. 4(i) ("Serving the United States and Its Agencies, Corporations, Officers, or Employees.").

In August 2025, Plaintiff filed "certificates" or "notices" of service related to Defendant USAGM (*see* ECF Nos. 6, 7, 8) and Defendants RFERL and Prince (*see* ECF No. 13).  However, Plaintiff does not attach green cards, and USPS Tracking® indicates these items were delivered to a "front desk / reception / mailroom," or an "individual picked up at post office," or it was "left with an individual," or "in/at mailbox."[3]  To date, no Defendant has appeared.

## C.     Pending Motions

Judge Kumar has referred this case for pretrial matters.  (ECF No. 10.) Currently pending before the Court are two motions:  (1) Plaintiff's August 6, 2025

---

[3] *See* ECF No. 6 (citing a USPS tracking number for USAGM) (https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9589071052703200176435), ECF No. 7 (citing a USPS tracking number for USAGO) (https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9589071052703200176473), ECF No. 8 (citing a USPS tracking number for USAO in Detroit, Michigan) (https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9589071052703200176466), and ECF No. 13 (citing USPS tracking numbers for Defendants RFERL and Prince) (https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9505512006665228813624, https://tools.usps.com/go/TrackConfirmAction_input?origTrackNum=9505512006665228813600).

motion for injunctive relief and damages (ECF No. 4); and, (2) Plaintiff's August 26, 2025 motion to amend his complaint (ECF No. 12) to "add civil rights claims pursuant to 42 U.S.C. § 1983 and the First and Fifth Amendments[.]"

**D.     Discussion**

Given the current posture of this case, Plaintiff does not need the Court's permission to amend his pleading.  The Federal Rule of Civil Procedure that governs amendments before trial provides, in pertinent part:  "A party may amend its pleading once as a matter of course no later than:  **(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1) ("Amending as a Matter of Course.").

As noted above, the Court is not in possession of green cards for the purported service upon Defendants.  Thus, it is not clear whether Plaintiff's attempts at service have been effective.  However, even assuming, *arguendo*, that Plaintiff served his pleading on the USAO E.D. Mich. on August 12 (*see* ECF No. 8), on Defendant USAGM on August 14 (*see* ECF No. 6), on the USAGO on August 15 (*see* ECF No. 7), and on Defendants Prince and RFERL August 18 or August 21 (*see* ECF No. 13), the 21-day period in Fed. R. Civ. P. 15(a)(1)(A) has yet to expire.

4

**E.     Order**

Accordingly, Plaintiff's August 26, 2025 motion to amend his complaint (ECF No. 12) is **DENIED WITHOUT PREJUDICE**.  If Plaintiff files an amended complaint, he is cautioned to abide by the Federal Rules of Civil Procedure, such as Fed. R. Civ. P. 8(a) ("Claim for Relief."); otherwise, he may find himself responding to a motion to dismiss, such as one based on Fed. R. Civ. P. 12(b) ("How to Present Defenses.").  Plaintiff is also cautioned that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."  E.D. Mich. LR 15.1.

Plaintiff's motion for injunctive relief and damages (ECF No. 4) is being addressed under separate cover.

**IT IS SO ORDERED.**[4]

Dated:  September 5, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).