UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN BALLOUT,<br><br>                              Plaintiff,<br><br>v.<br><br>RADIO FREE EUROPE<br>CORPORATION et al.,<br>                              Defendants. | Case No. 25-12433<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NOS. 16, 27), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 15), AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 4)**

## I.    Introduction

Plaintiff Benjamin Ballout ("Ballout"), proceeding pro se, initiated this civil action against defendants RadioFreeEurope/RadioLiberty (RFERL), Todd Prince, and the U.S. Agency for Global Media (USAGM), alleging RFERL published articles in 2021 and 2024 that "falsely associated him with alleged securities fraud" and mischaracterized his business activities. ECF No. 1, PageID.5. Along with his complaint, Ballout filed a motion for injunctive relief and damages. ECF No. 4. This case was referred to the assigned magistrate judge for all pretrial purposes. ECF No. 10.

Page **1** of **7**

On September 5, 2025, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the Court deny Ballout's motion for injunctive relief. ECF No. 15. Ballout filed timely objections to the R&R. ECF Nos. 16, 27.[1]

## II.   Analysis

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before

---

[1] Ballout has combined motions for leave to amend his complaint with his objections to the R&R in violation of E.D. Mich. LR 7.1(i), which states that "[m]otions must not be combined with any other stand-alone document." Therefore, the Court will only consider the portions of the documents that pertain to his objections to the R&R. ECF Nos. 16, 27. The R&R welcomed Ballout to file a separate motion for leave to amend, in compliance with the applicable Local Rules and the Federal Rules of Civil Procedure, but leave to file an amended complaint is now a moot issue—Ballout filed an amended complaint (ECF No. 78) by right in response to USAGM's motion to dismiss (ECF No. 76). *See* ECF No. 15.

the magistrate judge; the Court may not act solely based on a magistrate

judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d

1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free

to accept, reject, or modify the findings or recommendations of the

magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D.

Mich. 2002).

Only those objections that are specific are entitled to de novo review

under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Objections to any part of a magistrate judge's disposition "must be clear

enough to enable the district court to discern those issues that are

dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.

1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is

to "focus attention on those issues…that are at the heart of the parties'

dispute."). Each objection to the magistrate judge's recommendation should

include how the analysis is wrong, why it was wrong, and how de novo

review will obtain a different result on that particular issue. *See Howard v.

Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Without specific objections, "[t]he functions of the district court are

effectively duplicated as both the magistrate and the district court perform

identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*  A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id*. When an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## B. Discussion

As an initial matter, the Court notes that Ballout filed two sets of objections that appear to be identical*. Compare* ECF No. 16 *with* ECF No. 27. Accordingly, the Court cites only the later-filed set of objections. ECF No. 27.

### 1. Objection 1

Ballout first objects to the R&R's conclusion that his claims of defamation are barred by Michigan's one-year statute of limitations

because the allegedly defamatory articles were published in 2021 and

2024, respectively, and Ballout filed suit in August 2025, meaning the 2024

article was within the applicable limitations period. Indeed, the Michigan

statute of limitations for defamation requires that a plaintiff file an action

within one year. M.C.L. 600.5805(11); *Mitan v. Campbell*, 706 N.W.2d 420,

422 (Mich. 2005). The clock starts running when "the wrong upon which the

claim is based was done regardless of the time when damage results."

M.C. L. 600.5827. However, the R&R properly addresses the statute of

limitations regarding the 2021 article and concludes that the 2024 article at

issue "should be addressed through the adversarial process." ECF No. 15,

PageID.217. The R&R did not apply the statute of limitations for the 2024

article.

To the extent that Ballout attempts to circumvent the statute of

limitations by claiming the "continuing violation doctrine" tolls the statute of

limitations for the 2021 articles, this argument is unavailing. The Michigan

Supreme Court specifically rejected the continuing violations doctrine

finding it "contrary to" the statutory language governing limitations periods.

*Garg v. Macomb Co. Community Mental Health Servs.,* 696 N.W.2d 646,

Page **5** of 7

662 (Mich. 2005) (citing MCL 500.5805).  The defunct continuing violation doctrine cannot save Ballout's defamation claim relative to the 2021 article.

Because the R&R recommended dismissing only the claim as it relates to the 2021 article, this objection is overruled.

2.  Objection 2

In his second objection, Ballout argues that RFERL qualifies as a state actor and is "bound by constitutional restrictions." ECF No. 27, PageID.304. This argument is unrelated to the R&R and was not made to the magistrate judge. Accordingly, it will be overruled. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

3.  Objection 3

Ballout's third objection does not identify any issue addressed by the R&R and thus will be overruled. *See McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (holding that a failure to identify specific concerns with an R&R is the equivalent of failing to object).

4.  Objections 4 and 5

In his final objections, Ballout argues that the Securities and Exchange Commission "enabled shareholder harm and destruction" by "relying on defamatory publications rather than independent fact-checking."

Page **6** of **7**

ECF No. 27, PageID.305. He also appears to allege that the USAGM has been "scrutinized for propaganda." In addition to these assertions being vague, as with most of the other objections, they are unrelated to the R&R, were not presented to the magistrate judge, and thus must be overruled. *See supra.*

Because all of Ballout's objections will be overruled, the Court reviewed the R&R for clear error and found none. Accordingly, the R&R will be adopted as this Court's own opinion.

### III.   Conclusion

Accordingly, the Court **OVERRULES** Ballout's objections (ECF Nos. 16, 27). The Court **ADOPTS** the R&R (ECF No. 15) and **DENIES** Ballout's motion for preliminary injunction (ECF No. 4).

**IT IS SO ORDERED.**

Dated: February 6, 2026

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge