UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN BALLOUT,<br>Plaintiff,<br><br>v.<br><br>RADIO FREE EUROPE CORPORATION et al.,<br>Defendants. | Case No. 25-12433<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (ECF NO. 82), STRIKING PLAINTIFF'S RESPONSES (ECF NOS. 85, 87), AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND MOTION FOR HEARING ON DAMAGES (ECF NOS. 52, 54, 58)**

## I. Introduction

Plaintiff Benjamin Ballout ("Ballout"), proceeding pro se, initiated this civil action against defendants RadioFreeEurope/RadioLiberty (RFE/RL), Todd Prince, and the U.S. Agency for Global Media (USAGM), alleging RFE/RL published articles in 2021 and 2024 that "falsely associated him with alleged securities fraud" and mischaracterized his business activities. ECF No. 1, PageID.5. Before the Court is defendants RFE/RL's and Todd Prince's motion to set aside clerk's entry of default and to extend time to

respond to plaintiff's complaint. ECF No. 82. Ballout filed three separate responses to defendants' motion. ECF Nos. 84, 85, 87. Under Eastern District of Michigan Local Rule 7.1, a response to a motion must include a single brief. A party must seek leave before filing a supplemental brief. Because Ballout did not seek leave to file additional briefs in response to defendants' motion, the Court **STRIKES** ECF Nos. 85, 87. The Court relies solely on Ballout's first filed response when addressing the motion to set aside clerk's entry of default, and after careful review of the briefs, determines a hearing is unnecessary. *See* E.D. Mich. 7.1(f)(2). For the following reasons, the Court grants defendants' motion.

## II. Analysis

### A. Standard of Review

Following a clerk's entry of default under Federal Rule of Civil Procedure 55(a), a plaintiff may request default judgment under Rule 55(b). Fed. R. Civ. P. Rule 55(a)–(b). Rule 55(c) allows the court to "set aside an entry of default for good cause." Fed. R. Civ. P. Rule 55(c). "When the [d]efendant seeks relief from a default that has been entered by the clerk upon [p]laintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard."

*Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F 2d 290, 292 (6th Cir. 1992). In determining whether good cause exists, the court considers three factors: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced. *Id*. (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983); 10 Charles A. Wright et al., Federal Practice and Procedure § 2692, 2694 (1983)). Notably, entry of default "must be set aside, without regard to the three [ ] good-cause factors, where service of process was improper." *Soloway v. Huntington Nat'l Bank*, 2013 WL 12122008, at *3 (W.D. Mich. June 5, 2013) (citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003) (holding that, because the defendant established improper service of process, "we need not weigh the three factors a court considers when setting aside an entry of default")).

"Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default." *Shepard Claims Serv., Inc. v. William Darrah & Assocs*., 796 F.2d 190, 193 (6th Cir. 1986). "Denying such a motion should not be taken lightly, as the Sixth Circuit has a 'strong preference for trials on the merits.'" *United States v. 1988 BMW*,

798 F. Supp. 2d 896, 899 (S.D. Ohio 2010) (quoting *United States v. Real Prop., All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999)). *See also United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) ("In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps.")

**B. Discussion**

Defendants argue the defaults must be set aside because they were never properly served. ECF No. 82. Specifically, defendants assert that Ballout's attempted service by certified mail: (1) did not include a complete copy of the summons and complaint, in violation of Rule 4(c)(1); (2) was sent by Ballout personally, instead of an adult who is not a party to the instant action, in violation of Rule 4(c)(2); (3) does not satisfy Rule 4(h)(1); and (4) is defective under Rule 4(e). *Id.* "The plaintiff 'bears the burden of perfecting service of process and showing that proper service was made.' " *Pernell v. Leo's Coney Island of W. Bloomfield*, 2023 WL 5963435, at *1 (E.D. Mich. Sep. 13, 2023) (quoting *Sawyer v. Lexington-Fayette Urban County Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001)); *see also Palmer v. Am.*

*Express*, 2024 WL 5245005, at *4 (E.D. Mich. Dec. 30, 2024) (" '[w]hen the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected.' ") (alteration in original; quoting *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994). The Court concludes that Ballout has not met this burden.

Ballout purports to have served defendants through certified mail, relying on "green cards" to prove valid service.

i. Todd Prince

Under Rule 4(e), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). This court is in Michigan; both Defendants at issue are located in Washington, D.C. Michigan law allows service on individuals "by registered or certified mail, return receipt requested, and delivery restricted to the addressee[.]" Mich. Ct. R. 2.105(A)(2). "Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)." *Id.* District of Columbia law also permits service on individuals via

"registered or certified mail, return receipt requested," or first-class mail requesting an acknowledgment, addressed "to the person to be served." D.C. Super Ct. R. Civ. P. 4(c)(4), 4(c)(5).

The requirements of return receipt requested or requesting an acknowledgement imply that a signed acknowledgement or return receipt must actually be provided to the court. *See Skewes-Cox v. Georgetown Univ. L. Ctr.*, 2025 WL 1099211, at *2, (D.C. Cir. Apr. 14, 2025) ("To prove effective service by mail under D.C. law,…a plaintiff must show that the summons and complaint were delivered to a recipient authorized to accept service of process."); *cf. United States v. Gluklick*, 801 F.2d 834, 836 (6th Cir. 1986) ("The courts, consistent with the legislative history, have held that the defendant's failure to acknowledge service renders such service invalid….") (citation omitted); *Geiger v. Allen*, 850 F.2d 330, 332 n.3 (7th Cir. 1988) ("The rule in this and other circuits is that service by mail is not complete until an acknowledgment is filed with the court."); *Worrell v. B.F. Goodrich, Co.*, 845 F.2d 840, 841 (9th Cir. 1988) (virtually every court that has examined the rule has concluded that service fails unless defendant returns acknowledgment form); *Stranahan Gear Co., Inc. v. NL Indus., Inc.*, 800 F.2d 53, 57-58 (3rd Cir. 1986); *Armco, Inc. v. Penrod-Stauffer Bldg.*

*Sys., Inc.*, 733 F.2d 1087, 1088-89 (4th Cir. 1984); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991). Thus, both Michigan's and D.C.'s rules for service on an individual by certified mail require a signed acknowledgment from a recipient authorized to accept service of process.

To prove that Prince in fact received the summons and complaint, Ballout provided a "green card" signed by "C. Sheard" with a notation stating "Todd Prince Not Available." ECF No. 47, PageID.478. Sheard is not listed as the registered agent for RFE/RL and her affidavit avers that she, as the front-desk receptionist, is not authorized to accept service of process for RFE/RL *or any of its employees*. ECF No. 82-2, PageID.827.

Because none of Ballout's exhibits include proof of signature by Prince or an employee shown to be designated to receive service of process, the Court finds that service of process was not perfected on Prince.

ii. RFE/RL

Federal Rule of Civil Procedure 4(h) governs service of a "domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name[.]" Such entities must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). *see also Thorpe v. Dumas*, 788 F. App'x 644, 648 (11th Cir. 2019) ("Service by certified mail generally does not constitute 'delivery' under subsections of Rule 4," and collecting cases). However, under Rule 4(e)(1), service may also be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Because Ballout did not personally serve the resident agent under Fed. R. Civ. P. 4(h), for service to have been proper, either Michigan (where this court is located) or D.C. (where service was attempted) must permit service on a corporation by certified mail.

Under the Michigan Court Rules, service of process on a corporation can be made by:

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;

> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.

Mich. Ct. R. 2.105(H). Courts in this district have consistently held that service of a corporation via certified mail alone is not sufficient to meet the requirements of Rule 4 or Mich. Ct. R. 2.105. *State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2007 WL 127909, at *3 (E.D. Mich. Jan. 11, 2007); *Quinable, Inc. v. Bloomfield Hills SNF, LLC*, 2024 WL 4529551, at *1 (E.D. Mich. Oct. 18, 2024); *Howard v. Seifert J.*, 2024 WL 2169439, at *3 (E.D. Mich. Jan. 5, 2024), *report and recommendation adopted*, 2024 WL 1694861 (E.D. Mich. April 19, 2024) ("It is well-established that certified mail is not a proper way to serve a corporation in Michigan.") (collecting cases). So, Michigan law provides no authority for service in the manner Ballout attempted.

District of Columbia law works differently. The D.C. Superior Court Rules—the relevant "state" service of process rules—permit plaintiffs to serve corporations by mail. *Skewes-Cox v. Georgetown Univ. L. Ctr.*, No. 24-5065, 2025 WL 1099211, at *2, 2025 LX 196907, at *6 (D.C. Cir. Apr. 14, 2025). But as with an individual, service of process by certified mail

under D.C. law is valid only if the mail is signed for by an employee who is designated and authorized to receive service of process. *Id.*; *see also Bowers v. Janey*, 468 F. Supp. 2d 102 (D.D.C. 2006). Once again, none of Ballout's exhibits include proof of signature by an employee shown to be designated to receive service of process.

For these reasons, the Court finds that service was not perfected on RFE/RL.

## III. Conclusion

Accordingly, because Ballout fails to establish proper service, the Court **GRANTS** defendants' motion to set aside the Clerk's Entry of Defaults. ECF No. 82. Because the defaults are now vacated, the Court also **DENIES** Ballout's motions for default judgment and his motion for hearing on damages and injunctive relief. ECF No. 52, 54, 58. Defendants have **30 days from the entry of this order** to file an answer or otherwise respond to Ballout's amended complaint (ECF No. 78)[1].

[1] As mentioned above, defendants moved for extra time to respond to Ballout's complaint. The Court construes this request as a waiver of service and thus will not order Ballout to attempt proper service.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
Dated: September 4, 2026 United States District Judge