UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN BALLOUT,<br>Plaintiff,<br><br>v.<br><br>RADIO FREE EUROPE CORPORATION et al.,<br>Defendants. | Case No. 25-12433<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE (ECF NO. 71) AND STRIKING FILINGS**

## I. Introduction

This matter is before the Court on plaintiff Benjamin Ballout's ("Ballout") motion for judicial notice. ECF No. 71. Ballout seeks to have the Court take judicial notice of a document he refers to as "Exhibit I" (ECF No. 69). "Exhibit I consists of a record summary supported by sworn declaration and official government correspondence, including FOIA acknowledgments, deposition notice, and published articles whose existence and content are not subject to reasonable dispute." ECF No. 71, PageID.674. Defendants did not file a response, and the Court finds that a

hearing is unnecessary. *See* E.D. Mich. 7.1(f)(2). For the reasons that follow, the Court denies Ballout's motion.

## II. Analysis

> While parties must normally submit admissible evidence to support the factual allegations in their case, sometimes a fact is so obvious that federal courts will allow a shortcut around these procedures. This shortcut—judicial notice—is governed by Federal Rule of Evidence 201, which allows courts to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

*Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) (quoting Fed. R. Evid. 201(b)). "[C]ourts do not take judicial notice of documents, they take judicial notice of facts." *Id*. (citing *United States v. Ferguson*, 681 F.3d 826, 834–35 (6th Cir. 2012), and *Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012)).

Moreover, "judicial notice is only appropriate if the matter is beyond reasonable controversy. . . .The rule proceeds upon the theory that . . . dispensing with traditional methods of proof should only occur in clear cases." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) (cleaned up). Accordingly, "[t]he traditional approach to taking judicial notice of adjudicative facts has been one of caution." *Burley v. Williams-*

*Ward*, 2023 WL 11825225, at *2 (E.D. Mich. Jan. 19, 2023) (quoting Weinstein's Federal Evidence § 201.10)). *See also Frees v. Duby*, 2010 WL 4923535, at *2 (W.D. Mich. Nov. 29, 2010) ("Judicial notice is a limited tool, and for it to be available, a high degree of indisputability is the essential prerequisite.") (internal quotations omitted).

Ballout's motion is difficult to follow, as are the seemingly random documents he has filed on the docket in support of his motion, which merely contain his own synopsis of the records for which he seeks judicial notice rather than the records themselves. ECF Nos. 69, 70, 72, 73, 74, 75. He references certain government records, which he claims are undisputed. But as noted above, the Court judicially notices facts, not documents. And, even if it could judicially notice documents, it certainly could not do so without seeing the documents themselves.

Throughout these filings, Ballout states that he seeks judicial notice only of the *existence* of these various records and statements, which he has not provided to the Court, but his arguments indicate that he seeks judicial notice of their *contents* as well. He also seeks judicial notice of statements made by the defendants that are allegedly contradictory to previous statements made.

Because Ballout's motion exceeds the relatively narrow purpose of judicial notice, the Court finds that his factual allegations are not adjudicative facts for which judicial notice would be appropriate. At this early stage in the litigation, many of the facts as alleged by Ballout—which defendants have not yet admitted or contested—are still subject to reasonable dispute. Ballout's motion is thus denied. The Court will also strike his supporting documents for violating Fed. R. Civ. P. 5(d) and Local Rule 26.2. *See* E.D. Mich. LR 26.2 ("[a] party or other person may not file discovery material" except in limited circumstances).

## III. Conclusion

Accordingly, the Court **DENIES** Ballout's motion for judicial notice (ECF No. 71) and **STRIKES** ECF Nos. 69, 70, 72, 73, 74, 75. Additionally, Ballout has been warned numerous times, in this case and others before the Court, that the filing of random notices and exhibits that are untethered to any motion is prohibited. Any future filings made in violation of the court rules will be summarily stricken.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 14, 2026