UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN BALLOUT,<br>Plaintiff,<br><br>v.<br><br>RADIO FREE EUROPE CORPORATION et al.,<br>Defendants. | Case No. 25-12433<br>Honorable Shalina D. Kumar<br>Magistrate Judge |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 88)**

## I. Introduction

Plaintiff Benjamin Ballout ("Ballout"), proceeding pro se, initiated this civil action against defendants Radio Free Europe/Radio Liberty ("RFE/RL"), Todd Prince ("Prince"), and the U.S. Agency for Global Media ("USAGM"), alleging RFE/RL published articles in 2021 and 2024 that "falsely associated him with alleged securities fraud" and mischaracterized his business activities. ECF No. 78. USAGM moves to dismiss Ballout's complaint under Federal Rules of Civil Procedure 12(b)(1) & (6). ECF No. 88. Ballout filed a response in opposition. ECF No. 90. The Court has

carefully reviewed the briefing and has determined that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court grants USAGM's motion to dismiss.

## II. Factual and Procedural Background

Ballout's amended complaint is sparse and at times difficult to understand, thus the Court draws the following facts from USAGM's motion to dismiss. ECF Nos. 78, 88.

In June 2021 and October 2024, RFE/RL published articles written by Prince about Ballout and his energy business, Enerkon Solar International ("Enerkon"). ECF No. 1-1, PageID.10–16. The articles addressed actions taken by the U.S. Security and Exchange Commission ("SEC") against Enerkon resulting from investigative journalism conducted by RFE/RL.

The June 2021 article "reported that the SEC suspended trading in shares" of Enerkon. After the SEC initiated a civil enforcement action against Ballout and others for securities fraud in the Southern District of Florida in September 2024, *see SEC v. Fielding, et al.*, Case No. 24-81170 (S.D. Fla.), the October 2024 RFE/RL article reported that the SEC had charged Ballout with stock manipulation by engaging in a "pump and dump" scheme to artificially inflate Enerkon's stock value. The Florida court

granted the SEC's motion for partial summary judgment, found that Ballout had committed securities fraud, and imposed maximum civil penalties against him. Ballout then filed this case, and other lawsuits against the SEC and Bloomberg for defamation. *See Ballout v. SEC, et al.*, Case No. 25-13228 (E.D. Mich.) and *Ballout v. Bloomberg L.P, et al.*, Case No. 25-13879 (E.D. Mich.).

In Ballout's amended complaint here, he alleges that Prince's published articles contained false accusations of securities fraud which led the SEC to investigate Enerkon and caused him "catastrophic reputational, regulatory, and financial harm." ECF No. 78. He seeks declaratory relief and damages in the amount of $50,000,000. *Id*. Ballout argues that USAGM is liable in this action because RFE/RL is funded by USAGM, and USAGM failed to prevent publication of the articles in question. He claims USAGM acted outside its congressionally authorized mandate by (1) targeting him, (2) misusing appropriate funds, and (3) ratifying false accusations published by RFE/RL. *Id*.

USAGM moves to dismiss Ballout's claims against it, arguing that (1) he lacks standing, (2) USAGM is not liable for RFE/RL's content, and (3) even is it could be held liable, the Federal Tort Claims Act ("FTCA") is the

exclusive remedy for claims against federal officials based on state law tort claims, such as defamation and tortious interference. ECF No. 88*,* PageID.890.

## III. Analysis

### A. Standard of Review

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject-matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright*, 751 F.3d at 759. "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). When a party brings a facial attack, it "argues that a complaint does not adequately plead standing even accepting its facts as true." *Mackinac*

*Center for Public Policy v. United States Dep't of Ed.*, 175 F.4th 692, 699 (6th Cir. 2026).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Golf Village N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021) (internal marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must review Rule 12(b)(6) motions in the light most favorable to plaintiff, accept all of plaintiff's factual allegations as true, and draw all reasonable references in plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 479 (6th Cir. 2017). "While pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, even a pro se complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). A complaint "does not need detailed factual allegations" but must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (internal citations and quotation marks omitted). "To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. The court "consider[s] the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Weiner v. Klais & Co. Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting documents that a defendant attaches to a motion to dismiss are also considered part of the pleadings if referred to in the complaint and central to the claim).

### B. Discussion

USAGM argues that this Court is without jurisdiction because Ballout lacks Article III standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). The Court finds it unnecessary to evaluate the standing issue because it lacks subject matter jurisdiction over these claims for other reasons.

#### 1. Ultra-vires Agency Review

Ballout asserts that USAGM acted outside, or ultra-vires, its statutory authority by targeting a U.S. citizen, misusing appropriated funds, and ratifying false accusations. Because ultra-vires review of agency action could easily circumvent judicial-review statutes (such as the Administrative Procedure Act, “APA”), the Supreme Court has strictly limited non-statutory ultra-vires review of government agency action. *NRC v. Texas*, 605 U.S. 665, 681 (2025) (citing *Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964)). Ultra-vires review may not be invoked “simply because an agency arguably reached a conclusion which does not comport with the law.” *Id.* (quoting *Boire*, 376 U.S. at 481) (internal quotation marks omitted). Such a review is available “only when an agency acts entirely ‘in excess of its delegated powers and contrary to a specific prohibition’ in a statute. *Id.*

(quoting *Railway Clerks v. Association for Benefit of Non-contract Employees*, 380 U.S. 650, 660 (1965)). Indeed, courts lack jurisdiction to judicially review an agency action outside of the judicial review provisions of the APA, or other judicial-review statutes, unless the agency action is beyond its delegated authority *and specifically prohibited* by a statute. *Id*. (citing *Leedom v. Kyne*, 358 U.S. 184, 188–89 (1958) (creating the very narrow exception to the limitations of judicial review statutes)).

Ballout has not adequately pleaded a claim for an ultra-vires review of any USAGM action. Critically, Ballout has not identified a statute outside of which it claims USAGM has acted. Ballout cites to the International Broadcasting Act, but the provision he cites to states that "the Secretary of State and the Chief Executive Officer, in carrying out their functions, shall respect the professional independence and integrity of the Agency, its broadcasting services, and the grantees of the Agency." 22 U.S.C. § 6204(b). Nothing in that statute mentions or alludes to the targeting of a U.S. citizen, misuse of appropriated funds, or ratification of false accusations by USAGM; it certainly contains no specific prohibition on the journalistic targeting of a U.S. citizen, or use of appropriated funds for such journalistic endeavors. *See* 22 U.S.C. § 6201 *et seq*. Accordingly, ultra-

vires review is not available for the USAGM actions alleged by Ballout and this Court is without jurisdiction to review them. *See Uyeda v. Brooks,* 365 F.2d 326, 328 (6th Cir. 1966) (noting jurisdictional aspect of *Kyne*, 358 U.S. at 189).

**2. Tort Claims**

Ballout also asserts claims for defamation and tortious interference with a business expectancy against USAGM. The Court lacks subject matter jurisdiction over these claims as well.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA provides a limited waiver of sovereign immunity for claims "arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1). The FTCA, however, expressly precludes an action against the United States for claims arising from "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Consequently, the FTCA does not waive sovereign immunity for

claims arising out of libel or tortious interference, the claims asserted by Ballout against USAGM. *See Does 1– 10 v. Haaland*, 973 F.3d 591, 597 (6th Cir. 2020). Because USAGM, as a federal agency,[1] retains sovereign immunity, this Court is without jurisdiction over Ballout's tort claims against USAGM.

## IV. Conclusion

For all the foregoing reasons, the Court **GRANTS** USAGM's motion to dismiss for lack of subject matter jurisdiction. The Court **DISMISSES** Ballout's claims against USAGM, who is thus **DISMISSED** as a defendant in this case.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 23, 2026

[1] A federal agency is not a proper defendant under the FTCA; only the United States can be sued for claims under the statute's scope. The Court lacks subject matter jurisdiction over USAGM on this basis, as well. *See GEICO Advantage Ins. Co. v. United States*, 2024 WL 1094614, *2 (N.D. Ohio Mar. 13, 2024); 28 U.S.C. §§ 2679(a), 1346(b). Nevertheless, even if Ballout had properly named the United States as the defendant, sovereign immunity precludes subject matter jurisdiction over the intentional tort claims asserted here.